N. J. Dept. Labor—McCracken v. Serbe.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

THOMAS McCRACKEN, PETITIONER, v. FRED W. SERBE AND/OR F. W. SERBE. INCORPORATED, RESPONDENTS.

Injury by Automobile—Agreement as to Compensation—Leave to Apply For Commutation of Award—Upon Application for Commutation Respondent Filed Two Defenses, Intoxication and Discharge Prior to Accident—Finding For Petitioner.

On petition, &c. On determination of facts and award.

This matter coming on for formal hearing before me in the presence of Mayer M. Semel, Esq., attorney for the petitioner, and Frank G. Turner, Esq., attorney for the respondents, and after hearing and considering the testimony of witnesses I do find and determine the following:

1. That the petitioner was, on the 24th day of January, 1924, in the employ of the respondent or respondents in the capacity of mover, performing such duties as are required by the respondents in connection with their business as storage men and movers.

2. That at the time of the injury the said petitioner received as wages for said employment the sum of $35 per week.

3. That on the 24th day of January, 1924, the said petitioner, while in the course of his employment and engaged in

the work as mover, was injured by being struck by an automobile, as a result of which he was precipitated to the ground and was injured, which accident and injury arose out of and in the course of his employment with the respondents.

4. That the respondents herein had knowledge of the said accident.

5. As a result of the said accident, petitioner was injured and sustained a shock to his nervous system. Because of the injuries aforementioned, petitioner has sustained an impairment equivalent to twenty-five per cent. of total disability.

6. The petitioner herein has expended for medical attendance during the period provided by law the sum of $65, which has been paid by the respondents.

7. That the respondents have caused to be paid to the petitioner the sum of $17 per week for a period ending May 26th, 1924, covering payment in full on account of temporary disability.

8. That the petitioner is entitled to compensation as a result of the injuries sustained by him for a period of one hundred and twenty-five weeks at the rate of $17 per week, covering twenty-five per cent. of total disability.

9. I do further find that on the 18th day of June, 1924, the petitioner and respondents did appear before me on informal hearing and did enter into an agreement in writing, wherein and whereby it was agreed between the parties that the respondents do pay to the petitioner, and the petitioner receive a sum in full payment or settlement for his injuries, equivalent to twenty-five per cent., or one hundred and twenty-five weeks at the rate of $17 per week, together with the sum of $65 in payment of medical services, and also $100 as a counsel fee to petitioner's attorney.

10. I do further find that there was provided for in the said agreement of settlement that the respondents pay within three days from the date of said settlement, a sum equivalent to thirty-one and one-quarter weeks at the rate of $17 per week, or $531.25 on account of the compensation awarded.

11. I do further find that in the aforementioned agreement, the petitioner was given leave to apply for a commutation of such compensation as shall remain due and unpaid at such time as the petitioners could satisfactorily show that such commutation of compensation would be for the best interest of the petitioner, the same to be accepted in full payment of his claim arising out of the accident and injuries as aforesaid, and such commutation to be made in the manner and form approved by me as deputy commissioner.

12. The above agreement was reduced to writing in the form of a determination and award, and was approved and signed by me as deputy commissioner and filed in the office of the workmen's compensation bureau on the said 18th day of June, 1924.

13. I do further find that on or about the 3d day of July, 1924, the petitioner did present to me as deputy commissioner a petition praying that the commutation be awarded in accordance with the terms of the said agreement hereinbefore mentioned, from which petition and investigation pursuant to the same I did learn and ascertain that the petitioner, because of his impaired condition of health, due to the injuries received, was unable to fully and completely continue to work as a mover and truckman, and that the said petitioner, together with his son, a young man of some twenty odd years, who was also employed as a mover, and one Alexander G. Sansome, a reputable citizen of the town of Irvington, had agreed to engage in the trucking and moving business, and arranged to incorporate a company to be known as "The Mack Storage and Trucking Company," and had purchased a five-ton Mack truck suitable for this kind of business, and had paid a deposit for rental upon a place of business to be used as an office in the city of Newark. My investigation satisfied me that this arrangement would be a very suitable one for the petitioner, for the reason that it would enable him to make a comfortable and satisfactory living for his family in spite of his impaired condition of health.

14. After I had considered the petition for commutation and had decided to approve the same, and after petitioner,

through his attorney, had submitted same together with my approval to the respondents, I did learn for the first time that the respondents were opposed to the payment of the said commutation, and, in fact, of any further payments of compensation to the petitioner. The petitioner did thereupon file a formal petition for a hearing, and the respondents did interpose two defenses—*first,* that the petitioner was injured by reason of being intoxicated, and *secondly,* that he had been discharged immediately prior to the happening of the accident.

15. Without passing upon the force and effect of the agreement of settlement, I am of the opinion, and I do find, that the terms and conditions therein should be sustained and enforced. I am satisfied from the testimony, which was conflicting, that the respondents knew, at or before the making of this agreement, whether or not the petitioner was, in fact, intoxicated, and also whether or not the employment had at that time terminated. Surely, the respondents must have resolved these two features to their own satisfaction in favor of the petitioner, or the respondents would not have consented to the making and executing of the aforementioned agreement and determination and award herein made, and would not have permitted the petitioner to collect compensation on account, which is admitted was paid him by the respondents.

16. Bearing these facts in mind, I fail to see that the defenses of drunkenness and discharge immediately prior to the accident are entitled to any consideration. The evidence with reference to intoxication is conflicting. The doctor who examined and treated the petitioner in the hospital immediately after the accident was unable to tell whether the petitioner was intoxicated, while the person whose furniture was last moved prior to the accident by the petitioner testified that petitioner was not intoxicated while he was doing this work. It is quite possible and even probable that the petitioner may have been drinking during the day on which this accident occurred. The respondents, by their own testimony, show that during the ten or twelve years that the petitioner was

employed for them he was accustomed to drinking, and did so during the time of his employment. However, there is no testimony before me from which I can find that the petitioner was actually intoxicated at the time that the accident occurred, so that I am unable to find, as is required by the statute, that intoxication was the proximate cause of the accident. This is especially so since not only the petitioner, but other witnesses produced by the petitioner who were present at and immediately before the accident, deny that the petitioner was intoxicated. The respondents also testified that because the petitioner was intoxicated he was discharged immediately before he left the office of the respondents and was injured. This is denied by the petitioner, and also by one witness, produced by the respondent, who was present, and I find that there is not sufficient testimony before me from which I can conclude, from the greater weight of the evidence, that the petitioner was, in fact, discharged at that time, especially in view of the fact that for several months thereafter the respondents paid petitioner temporary compensation and gave petitioner the benefit of medical and surgical treatment, provided without cost to the petitioner by the respondents.

17. With reference to the defense interposed by the respondents that the petitioner performed work for the respondents after the accident, and because of which fact respondents contend that petitioner had entirely recovered, I am unable to agree with the respondents, for although I am satisfied that petitioner did some work for respondents at intervals after the accident, I find that the nature of the work performed was possible, as petitioner's disability was only twenty-five per cent.

18. I find, also, that the award of twenty-five per cent. partial permanent total disability is reasonable and proper, and base my findings not only upon the report of the medical branch of the workmen's compensation bureau and of the two physicians who have testified for the petitioner, but also from the fact that the physician produced by the respondents concedes five per cent. to ten per cent. disability is there if

based only on the one examination made by that doctor, while twenty per cent. would be the highest he would be entitled to receive if what the petitioner testifies to is true.

19. I also find from the testimony offered that the petitioner was sent by the respondents to another job on that evening that the petitioner was actually hurt, and that the petitioner, while on his way to the garage of the respondents to get another truck, was injured as hereinbefore mentioned.

20. I am satisfied that the stipulation and agreement hereinbefore mentioned, which had been signed by both parties in interest and approved by me and filed in this bureau, on June 18th, 1924, based on twenty-five per cent. of the total disability, has, in accordance with the provisions of section 2, subdivision 21, paragraph F of the Workmen's Compensation act, been fully substantiated by the evidence produced at the formal hearing in the within matter, and that all of the facts and circumstances attending the injury of the petitioner must have been in the possession and knowledge of the respondents, as it is not likely that the insurance carrier for the respondents would have consented to the making and execution of the aforementioned agreement in its form and substance, without having first carefully investigated the within matter.

21. For the reasons above expressed, I find that the petitioner is entitled to partial permanent total disability of twenty-five per cent.

22. I do further order the respondents to pay to the petitioner the sum due in commutation, to wit: The sum of $3,125, less the sum of $531.25 paid on account on and after June 18th, 1924, less any other sums paid on account of the permanent disability since June 18th, 1924, less the statutory interest on the balance due on the within commutation.

23. I do further order the respondents to pay to Meyer M. Semel, attorney for petitioner, the sum of $150, as counsel fee for his services, expenses and disbursements rendered and incurred in connection with the formal hearing in the within matter.

# 862 NEW JERSEY MISCELLANEOUS REPORTS.

24. I do further order the petitioner to pay to the said Meyer M. Semel, his attorney, the sum of $300 for his services rendered in his behalf.

HARRY J. GOAS,
*Deputy Commissioner.*